IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALFRED ASHFORD, JR.,** | : | |
| Plaintiff | : | No. 1:25-cv-00660 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| **MICHAEL HEISEY, et al.,** | : | |
| Defendants | : | |

## ORDER

**AND NOW**, on this 12th day of June 2025, upon consideration of the complaint (Doc. No. 1), application for leave to proceed in forma pauperis (Doc. No. 5), and certified prisoner trust fund account statement (Doc. No. 7) filed by pro se Plaintiff Alfred Ashford, Jr. ("Ashford"), and for the reasons stated in the accompanying Memorandum, **IT IS ORDERED THAT**:

1. The application for leave to proceed in forma pauperis (Doc. No. 1) is **GRANTED**, and Ashford has leave to proceed in forma pauperis in this action;

2. Ashford shall **PAY** the full filing fee of $350.00, based on the financial information provided in the IFP Application and certified prisoner trust fund account statement. The full filing fee shall be paid regardless of the outcome of the litigation. Pursuant to 28 U.S.C. § 1915(b)(1) and (2), the Superintendent/Warden, or other appropriate official at Ashford's place of confinement is directed to deduct an initial partial filing fee of 20% of the greater of:

    (A) the average monthly deposits in Ashford's prison account for the past six (6) months, or

    (B) the average monthly balance in Ashford's prison account for the past six (6) months.

    The initial partial filing fee shall be forwarded to the Clerk of the United States District Court for the Middle District of Pennsylvania, P.O. Box 1148, Scranton, Pennsylvania, 18501-1148, to be credited to the above-captioned docket number. In each succeeding month, when the amount in Ashford's inmate trust fund account exceeds $10.00, the Superintendent/Warden, or other appropriate official, shall forward payments to the Clerk of Court equaling 20% of the preceding

      month's income credited to Ashford's inmate trust fund account until the fees are paid. Each payment shall reference the above-captioned docket number for this case;

3.     The Clerk of Court is **DIRECTED** to **SEND** a copy of this Order to the Superintendent/Warden of the institution wherein Ashford is presently incarcerated;

4.     The complaint (Doc. 1) is **DEEMED** filed;

5.     The complaint (Doc. 1) is **DISMISSED** as follows:

    a.     The complaint, to the extent that Ashford seeks relief in the nature of the dismissal of his criminal conviction for failure to register with the Pennsylvania State Police in the Court of Common Pleas of Dauphin County or his release from incarceration, is **DISMISSED WITHOUT PREJUDICE** to Ashford raising these claims for relief in a petition for a writ of habeas corpus;

    b.     The complaint, to the extent that Ashford seeks damages for emotional distress due to Defendants' alleged violation of Title II of the Americans with Disabilities Act, is **DISMISSED WITH PREJUDICE**; and

    c.     The complaint, to the extent that Ashford seeks monetary relief under Title II of the Americans with Disabilities Act based on his belief that he was unlawfully convicted of failure to register with the Pennsylvania State Police in the Court of Common Pleas of Dauphin County, is **DISMISSED WITHOUT PREJUDICE** to Ashford filing a complaint if this conviction is reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus;

6.     Ashford does not have leave to file an amended complaint; and

7.     The Clerk of Court is directed to **CLOSE** this case.

                                                 s/ Yvette Kane
                                                 Yvette Kane, District Judge
                                                 United States District Court
                                                 Middle District of Pennsylvania